UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA NESSEL, Attorney General of
the State of Michigan,

       Plaintiff,

No.

v.

SCHMIDT FAMILY VINEYARDS,
LLC,

HON.

       Defendant.

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS
PURSUANT TO THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT
AND MICHIGAN CONSUMER PROTECTION ACT**

Attorneys for Plaintiff

DANA NESSEL
Attorney General

Felepe H. Hall (P59533)
Jason A. Geissler (P69322)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement Division
P.O. Box 30005
Lansing, MI  48909
(517) 241-0210
hallf2@michigan.gov

Dated:  May 5, 2021

## I.  PRELIMINARY STATEMENT

1. Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Schmidt Family Vineyards, LLC, (Schmidt) and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*.

2. Schmidt has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3. These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4. The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5. In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted to stop Schmidt from making illegal sales and shipments by issuing cease and desist letters.  See Exhibits 1 and 2.

6. Schmidt failed to comply with the cease and desist requests.

7. Schmidt continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8. The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof." U.S. Const. Amend. XXI, § 2.

9. This lawsuit is required to restrain Schmidt from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens. *See* 27 U.S.C. § 122a(b)(1)-(2).

## II. PARTIES

10. Plaintiff Attorney General Dana Nessel brings this suit in her official capacity.

11. Defendant Schmidt Family Vineyards, LLC, d/b/a Schmidt Family Vineyards, is an Oregon company located at 300 Kubli Road, Grants Pass, Oregon, with a mailing address of 242 Missouri Plat Road, Grants Pass, Oregon.

## III. JURISDICTION

12. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or

3

has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor." 27 U.S.C. § 122a(b).

13. "Intoxicating liquor" is defined in the Twenty-first Amendment Enforcement Act as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind." 27 U.S.C. § 122a(a)(2).

14. This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in relevant part:

> The district courts of the United States shall have jurisdiction over any action brought under this section by an attorney general against any person, except one licensed or otherwise authorized to produce, sell, or store intoxicating liquor in such state.

15. Schmidt is not licensed or otherwise authorized to produce, sell, or store intoxicating liquor in the State of Michigan.

16. Plaintiff's state law claims are so related to the action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**IV. <u>VENUE</u>**

17. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2), provides that "[a]n action under this section may be brought only in accordance with

4

section 1391 of Title 28 or in the district in which the recipient of the intoxicating liquor resides or is found."

18. Schmidt made illegal sales and shipments of intoxicating liquor to MLCC investigators on two separate occasions.

19. The MLCC investigators to whom Schmidt sold and shipped intoxicating liquor reside in Bay City, Michigan, and Mason, Michigan, respectively.

20. Mason, Michigan, is in Ingham County and is located in the Western District of Michigan federal judicial district.

21. Venue in the Western District is therefore appropriate pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2).

## V.     BACKGROUND

22. Since 2015, with the close assistance of the Attorney General's Alcohol and Gambling Enforcement Division, the MLCC has focused on unlicensed entities illegally selling and shipping beer and wine to consumers in Michigan.

23. For the reasons alleged in this Complaint, Plaintiff has reasonable cause to believe that Schmidt is violating Michigan laws governing the transportation and importation of intoxicating liquor.

24. Schmidt continues to sell and ship wine directly to Michigan consumers despite not holding a direct shipper license in the State of Michigan. Schmidt's activities constitute illegal importation of intoxicating liquors.

25. Michigan law generally prohibits a person from selling, delivering, or importing alcoholic liquor in Michigan unless the "sale, delivery, or importation is

made by the [C]ommission, the [C]ommission's authorized agent or distributor, an authorized distribution agent approved by order of the [C]ommission, a person licensed by the [C]ommission, or by prior written order of the [C]ommission." Mich. Comp. Laws § 436.1203(1).

    26.    "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:

> any spiritous, vinous, malt, or fermented liquor, powder, liquids, and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing ½ of 1% or more of alcohol by volume that are fit for use for food purposes or beverage purposes as defined and classified by the [C]ommission according to alcoholic content as belonging to 1 of the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

    27.    Michigan allows only "direct shipper" licensees to sell and ship wine from outside the state directly to consumers in Michigan. *See* Mich. Comp. Laws § 436.1203(4). "Direct shipper" is defined in the Michigan Liquor Control Code as "a person who sells, delivers, or imports wine, to consumers in this state, that he or she produces and bottles . . . and that is transacted or caused to be transacted through the use of any mail order, internet, telephone, computer, device, or other electronic means[.]" Mich. Comp. Laws § 436.1203(24)(i).

    28.    Only a licensed Michigan wine maker or an out-of-state wine producer and bottler holding both a federal basic permit and a license to manufacture wine in its state of domicile may qualify for a direct shipper license. Mich. Comp. Laws § 436.1203(10).

6

29. Wine satisfies the definitions of "intoxicating liquor" in the Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the Michigan Liquor Control Code.

## VI. FACTS

30. Schmidt has not applied for or received a license to sell or ship alcoholic liquor pursuant to the Michigan Liquor Control Code.

### First Shipment to MLCC Investigator

31. On or about April 10, 2018, an MLCC investigator placed an order on Schmidt's website, www.sfvineyards.com, for the purchase and delivery of one bottle of 2013 Schmidt Family Vineyards, Southern Oregon, Pinot Gris wine to be shipped to the investigator in Saginaw, Michigan. (Exhibit 3, First Order Documentation).

32. The MLCC investigator purchased the bottle of wine for $15.00 and paid $21.93 for shipping. *Id.*

33. On or about April 19, 2018, the MLCC investigator picked-up a package containing one bottle of 2013 Schmidt Family Vineyards, Southern Oregon, Pinot Gris wine from the United Parcel Service's Distribution Center located in Saginaw, Michigan. (Exhibit 4, Bottle Photo).

34. The package's return address read: Schmidt Family Vineyards, 242 Missouri Plat Road, Grants Pass, OR, 97527. (Exhibit 5, Photo of Return Address).

**Cease and Desist Letter**

35. On or about June 6, 2018, the Michigan Department of Attorney General sent a cease and desist letter to Schmidt at the same return address provided on the shipment, care of Calvin Schmidt and Judy Schmidt. (Exhibit 1, Cease & Desist Letter, Vineyard mailing address).

36. An additional copy of the cease and desist letter was sent to 330 Kubli Rd, Grants Pass, OR 97527, the vineyard's business address. (Exhibit 2, Cease & Desist Letter, Vineyard business address).

37. The letter was sent via certified mail to each address, return receipt requested. The receipts for both locations were signed by an individual named Rene Brons on June 14, 2018 and returned to the Department of Attorney General.

38. The cease and desist letter informed Schmidt that its practice of directly shipping wine to consumers in the State of Michigan without possessing a direct shipper license is illegal. Furthermore, the cease and desist letter stated that legal action would result if Schmidt continued its illegal activity of selling and shipping alcoholic liquor directly to consumers in Michigan without the proper license. (Exhibit 1).

**Second Shipment to MLCC Investigator**

39. On or about October 22, 2020, a second MLCC investigator placed an order on Schmidt's website, www.sfvineyards.com, for the purchase and delivery of a 750 ml bottle of Chardonnay Reserve wine to be shipped to the investigator in Mason, Michigan. (Exhibit 6, Second Order Documentation).

8

40. The MLCC investigator purchased the wine for $30.00 and paid $23.53 for shipping. *Id.*

41. On or about October 28, 2020, the MLCC investigator received a package containing a 750 ml bottle of Chardonnay Reserve wine at the investigator's residence in Mason, Michigan. (Exhibit 7, Bottle Photos from Second Order).

42. The package's return address read: Schmidt Family Vineyards, 242 Missouri Plat Road, Grants Pass, OR, 97527. (Exhibit 8, Return Label Second Order).

## COUNT I

### CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

43. Plaintiffs incorporate by reference paragraphs 1-42 as if fully restated herein.

44. Subsection (b) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(b), provides for temporary and permanent injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor, the attorney general may bring a civil action in accordance with this section for injunctive relief (including a preliminary or permanent injunction) against the person, as the attorney general determines to be necessary to--
>
> (1) restrain the person from engaging, or continuing to engage, in the violation; and

9

(2) enforce compliance with the State law.

45.  Because Schmidt lacked a direct shipper license, its sale and shipment of wine to a Michigan consumer violated the prohibition in Mich. Comp. Laws § 436.1203(1).

46.  Because Schmidt does not fit within one of the categories of persons permitted to sell, deliver, or import wine in Mich. Comp. Laws § 436.1204(1), its sales and shipments of wine violate that statute.

47.  Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws regulating the importation and transportation of intoxicating liquor.

48.  Defendant has also violated section 901(1) of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the importation and transportation of intoxicating liquor. That provision states:

> A person, directly or indirectly, himself or herself or by his or her clerk, agent or employee shall not manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or transport, or possess any alcoholic liquor unless the person complies with this act.

49.  Violating the Michigan Liquor Control Code constitutes a crime. *See* Mich. Comp. Laws § 436.1909.

50.  Absent temporary and permanent injunctive relief, Defendant may make similar illegal sales and shipments of alcoholic liquor to Michigan consumers in the future.

51. All nonjudicial means of restraining Schmidt from engaging in these violations and enforcing compliance with these Michigan laws have proven inadequate.

52. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act prohibiting Schmidt from making future sales and shipments of alcoholic liquor to Michigan consumers.

## COUNT II

## MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS

53. Plaintiff incorporates by reference paragraphs 1-52 as if fully restated herein.

54. Schmidt has engaged in illegal alcohol sales and shipments in Michigan to a Michigan consumer.

55. These practices by Schmidt constitute unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or practice in the conduct of trade or commerce" under section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1), because, by these actions, Schmidt has:

> (a) Caus[ed] a probability of confusion or misunderstanding as to . . . the approval . . . of goods or services.

* * *

> (c) Represent[ed] that goods . . . have approval . . . that they do not have . . . .

* * *

(n)  Caus[ed] a probability of confusion or of misunderstanding as to the legal rights . . . of a party to a transaction.

\* \* \*

(s)  Fail[ed] to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer.

\* \* \*

(bb)  Ma[de] a representation of fact . . . material to the transaction such that a person reasonably believes the represented . . . state of affairs to be other than it actually is.

(cc)  Fail[ed] to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

56.  Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, including injunctive relief and costs.

57.  Accordingly, Defendant is liable for and should be assessed civil penalties for each of the Michigan Consumer Protection Act violations.

## REQUESTED RELIEF

Plaintiff respectfully requests this Honorable Court to enter an Order providing for:

a)  Preliminary and permanent injunctive relief under the Twenty-first Amendment Enforcement Act enjoining Defendant from continuing to violate Mich. Comp. Laws §§ 436.1203(1), 436.1204(1), and 436.1901(1);

b)  Preliminary and permanent injunctive relief under the Michigan Consumer Protection Act enjoining Defendant from continuing to

violate the applicable provisions of that Act, Mich. Comp. Laws § 445.905(1);

c) The imposition of cumulative civil penalties against Defendant pursuant to section 5(1) of the Michigan Consumer Protection Act, specifically $25,000.00 for each violation of the Act, including violations learned of through the course of discovery, Mich. Comp. Laws § 445.905(1);

d) Reimbursement of investigative expenses incurred, Mich. Comp. Laws § 445.905(1);

e) An award of costs and attorney fees, Mich. Comp. Laws § 445.905(1); and

f) Any other relief determined to be just and appropriate.

Respectfully submitted,

DANA NESSEL
Attorney General

s/ Felepe H. Hall
Felepe H. Hall (P59533)
Jason A. Geissler (P69322)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement Division
P.O. Box 30005
Lansing, MI  48909
(517) 241-0210
hallf2@michigan.gov

Dated: May 5, 2021